# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA

**JASPER LLOYD DOCKERY,**

    **Petitioner,**

v.                                      **Civil Action No. 5:06cv140**
                                             **(Judge Stamp)**

**AL HAYNES, Warden,**

    **Respondent.**

## ORDER

The pro se petitioner initiated this § 2241 action on September 25, 2006, in the United States District Court for the District of Columbia. The case was transferred to this Court on September 29, 2006, but was not received by this district until November 17, 2006. Upon initiation of the case, the Clerk noted that the petitioner had not filed the appropriate financial forms from which the Court could determine the petitioner's eligibility to proceed as a pauper. Accordingly, the petitioner was sent the necessary forms and was directed to file the completed forms within thirty (30) days.

On January 29, 2007, upon discovery that the petitioner had not filed the financial forms as directed, the undersigned issued an order directing the petitioner to show cause why his case should not be dismissed. On February 20, 2007, the petitioner filed a response stating that he sent the requested forms to the Court on November 30, 2006, along with some other documents. In addition, the petitioner attached the missing forms to his response to the Court's Show Cause Order and requested the Court's consideration of those forms. Specifically, the petitioner attached a completed Consent to Collection of Fees form and a Prisoner Trust Account Report ("PTAR").

Upon a review of those documents, the Court discovered that although completed and certified, the PTAR did not contain copies of the ledger sheets for the petitioner's inmate account.

Nonetheless, based on the representations made by the petitioner in his motion to proceed as a pauper, and on the certification of the petitioner's PTAR, the Court determined that the petitioner, although a pauper, had sufficient deposits in his inmate account to pay the required $5.00 filing fee. Thus, the petitioner was granted pauper status, but was directed to pay the required filing fee.

On March 22, 2007, the petitioner filed a response to the Court's order directing him to pay the required filing fee. In his response, the petitioner asserted that in his motion to proceed as a pauper, the petitioner included information about a savings account that contained $2,000. The petitioner asserted that the Court noted this amount when directing the petitioner to pay the $5.00 filing fee. However, the petitioner informed the Court that subsequent to the Court's Order, his savings account had been levied by the IRS and he no longer had access to the $2,000. Thus, the petitioner asserted that he was currently without funds and that he could not pay the $5.00 filing fee.

On March 30, 2007, the Court examined the petitioner's supplemental financial documents and determined that the petitioner no longer had funds in a private account from which to pay the filing fee. However, the Court noted that the petitioner may still have the necessary funds in his prison account to pay the required fee. Thus, the Court agreed to reconsider its order directing the petitioner to pay the $5.00 filing fee, provided that the petitioner file an updated PTAR with supporting ledger sheets.

On April 14, 2007, the petitioner filed a PTAR which shows that the average monthly deposits to the petitioner's inmate account for the six months prior to the filing of this action was $423.50. In addition, the PTAR shows that the petitioner's average monthly balance during the six months prior to the filing of the action was $70. However, at the time the case was filed, the PTAR reflects that the petitioner had a balance of only $1.67. Despite specific instruction that the

petitioner file ledger sheets for his inmate account, the petitioner failed to do so. Instead, the petitioner filed a redacted summary of his inmate account activity. The Court cannot, however, ascertain the time period for which this report was run, or the petitioner's average six month deposits. Moreover, the inmate summary shows that the petitioner's average six month daily balance was $22.11, not $70 as certified by the petitioner's case manager on the PTAR. Therefore, because of the missing and contradictory information, the Court still cannot accurately determine the petitioner's ability to pay the $5.00 filing fee.

Accordingly, the petitioner will be granted one final opportunity to provide the Court with the necessary financial information. The **Clerk** is directed to send the petitioner a blank PTAR. The petitioner shall have **twenty (20) days** from the date of this Order to file the completed form. **COMPLETE AND UNREDACTED LEDGER SHEETS FOR THE PETITIONER'S INMATE ACCOUNT MUST BE ATTACHED TO THE PTAR**. The petitioner is responsible for insuring that the requirements of this Order are fully satisfied and that the failure to comply with this Order could result in a recommendation that this case be dismissed for the failure to prosecute.

IT IS SO ORDERED.

The Clerk is directed to mail a copy of this Order to the *pro se* petitioner and to the financial trust officer of the facility at which the petitioner is currently confined.

DATED: September 11, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE