IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JASPER DOCKERY,**

   **Petitioner,**

**v.**               **Civil Action No. 5:06cv140**
                  **(Judge Stamp)**

**JOE DRIVER, Warden,**[1]

   **Respondent.**

### ROSEBORO NOTICE

On November 15, 2007, the respondent filed a Motion to Dismiss, or in the Alternative, Motion to Transfer in the above-styled case. Because the petitioner is proceeding *pro se*, the Court has a mandatory duty to advise him of his right to file responsive material, and to alert him to the fact that his failure to respond could result in the entry of an order of dismissal against him. Davis v. Zahradrich, 600 F.2d 458, 460 (4th Cir. 1979); Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975).

In ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept as true all well-pleaded material factual allegations. Advanced Health-Care Services, Inc. v. Radford Community Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Furthermore, dismissal for failure to state a claim is properly granted where, assuming the facts alleged in the complaint to be true, and construing the allegations in the light most favorable to the plaintiff, it is clear, as a matter of law,

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Joe Driver is hereby substituted for Al Haynes as the proper party respondent. The **Clerk** is directed to make the appropriate notation to the docket.

that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S.41, 45-46 (1957).

Therefore, within **thirty (30) days** from the date of this Order, the petitioner shall file any opposition he has to the respondents' motion, explaining why his case should not be dismissed. Petitioner must serve the respondent with any response he files.

IT IS SO ORDERED.

The Clerk is directed to send a copy of this Order to the pro se petitioner by certified mail, return receipt requested, to his last known address as shown on the docket sheet. The Clerk is further directed to provide copies of this Order to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: November 29, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE

2