IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JASPER DOCKERY,

       Petitioner,

v.                                   Civil Action No. 5:06CV140
                                              (STAMP)

JOE DRIVER, Warden,

       Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE
AND TRANSFERRING CASE TO THE
UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF LOUISIANA**

I.  Procedural History

On October 18, 2006, the petitioner filed a petition for writ of habeas corpus in the United States District Court for the District of Columbia ("D.C. Court").  The D.C. Court entered a transfer order construing the petitioner's petition as one filed pursuant to 28 U.S.C. § 2241 and directing that the case be transferred to this Court because the D.C. Court believed that the petitioner was, at that time, incarcerated at Hazelton Penitentiary in Bruceton Mills, West Virginia.

Following the transfer to this Court, the petition was referred to United States Magistrate Judge John S. Kaull for an initial review and submission of proposed findings of fact and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.09.  The respondent filed a motion to dismiss, or in

the alternative, motion to transfer.  The respondent argues that this court does not have jurisdiction over this case because Dockery's petition is predicated on 28 U.S.C. § 2255 rather than 28 U.S.C. § 2241.  Under § 2255, jurisdiction to hear a petition based on that section is vested in the sentencing court.  In the alternative, the respondent requests that this case be transferred to the Western District of Louisiana because the petitioner is currently incarcerated at the United States Penitentiary in Pollock, Louisiana.

Magistrate Judge Kaull issued a report and recommendation recommending that the respondent's alternative motion to transfer be granted and that the case be transferred to the United States District Court for the Western District of Louisiana.  The magistrate judge informed the parties that if they objected to any portion of the report, they must file written objections within ten days after being served with copies of the report.  The petitioner has filed objections.

## II.  Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made.  As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous."  See Webb v. Califano, 468 F.

2

Supp. 825 (E.D. Cal. 1979).  Because objections have been filed, this Court undertakes a <u>de novo</u> review.

### III.  <u>Discussion</u>

At no point in time relevant to this proceeding has jurisdiction been vested in this Court.  Petitioner Dockery was last incarcerated in this district approximately three months before he filed the instant petition for writ of habeas corpus. Petitioner Dockery was transferred out of USP-Hazelton on July 18, 2006 and has been incarcerated at USP-Pollock in Pollock, Louisiana since July 20, 2006. (<u>See</u> Decl. of Alecia D. Sankey, Ex. 1 to Resp't's Mot. to Dismiss or in the Alterative to Transfer.) Because the petitioner is not incarcerated in this district, jurisdiction is absent.

Moreover, this Court does not have jurisdiction to address the respondent's argument that the petitioner's petition for writ of habeas corpus should be construed pursuant to 28 U.S.C. § 2255 rather than 28 U.S.C. § 2241.  The D.C. Court has already determined that the petitioner is proceeding under § 2241.  This Court has no authority to rule otherwise because under either statute this Court lacks jurisdiction.[1]  Therefore, the respondent's argument regarding the applicable statute is more appropriately posed to the United States District Court for the

---

[1]The petitioner is not incarcerated within this Court's territorial jurisdiction, nor was the petitioner sentenced by this Court.

Western District of Louisiana, the district in which the petitioner is incarcerated.

The petitioner objects to the recommendation that his petition be transferred to the Western District of Louisiana.  He appears to argue that he filed a petition pursuant to 28 U.S.C. § 2254 on July 19, 2006 in the D.C. Court and that such filing vests jurisdiction in this Court because, at that time, he was incarcerated at USP-Hazelton.  This objection is without merit.  Assuming that the petitioner filed a petition pursuant to § 2254 on July 19, 2006, that petition is irrelevant to the jurisdictional issue presently before this Court.  Accordingly, the petitioner's objections are overruled and it is ordered that this case be transferred to the United States District Court for the Western District of Louisiana.

## IV.   Conclusion

Because, after a de novo review, this Court concludes that the magistrate judge's recommendation is proper and the petitioner's objections to the report and recommendation lack merit, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation.  The respondent's alternative motion to transfer is GRANTED and the case is hereby TRANSFERRED to the United States District Court for the Western District of Louisiana.   Also transferred, are the petitioner's pending motion for instant release (Doc. No. 38) and supplemental cross-motion for summary judgment (Doc. No. 39).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this order to the petitioner and to the Clerk of the United States District Court for the Western District of Louisiana.  The Clerk is further DIRECTED to TRANSFER this case to the United States District Court for the Western District of Louisiana and to DISMISS the case from the active docket of this Court.

DATED:     July 3, 2008


                              /s/ Frederick P. Stamp, Jr.
                              FREDERICK P. STAMP, JR.
                              UNITED STATES DISTRICT JUDGE