U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - ALEXANDRIA
DEC 23 2008
ROBERT H. SHEMWELL, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JASPER LLOYD DOCKERY<br>FED. REG. # 39631-053<br>VS.<br><br>WARDEN, UNITED STATES<br>PENITENTIARY, POLLOCK | CIVIL ACTION NO. 08-0958<br><br>SECTION P<br>JUDGE DRELL<br><br>MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

On October 18, 2006, *pro se* petitioner Jasper Lloyd Dockery, a prisoner in the custody of the Federal Bureau of Prisons (BOP) filed a petition for writ of *habeas corpus* (28 U.S.C. §2241) in the United States District Court for the District of Columbia. That court, being under the erroneous belief that petitioner was incarcerated at a federal penitentiary in West Virginia issued an order transferring the petition to the United States District Court for the Northern District of West Virginia. On July 3, 2008, the Court in West Virginia determined that petitioner was in custody at the United States Penitentiary, Pollock, Louisiana both when the petition was filed in October 2006 and currently; accordingly, the Court transferred the petition to this Court.

Petitioner attacks his 1998 conviction for murder and the life sentence imposed by the District of Columbia Superior Court. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the

following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE.**

### Background

In 1998 petitioner was convicted of first-degree premeditated murder while armed, six counts of assault with intent to kill while armed, two counts of possessing a firearm during a crime of violence, and unlawful possession of ammunition in the Superior Court, District of Columbia. His conviction and sentence were ultimately affirmed on appeal to the District of Columbia Court of Appeals. See Jasper L. Dockery v. United States, 853 A.2d 687 (D.C. Court of Appeals, 2004).

In April 2001, he collaterally attacked his conviction and sentence by filing a "Motion Attacking Sentence" pursuant to D.C. Code §23-110. On January 14, 2002 his motion was denied. See United States v. Jasper Dockery, 2002 WL 33944042.

He filed the instant Petition for Writ of *Habeas Corpus* in the United States District Court for the District of Columbia on October 18, 2006. [rec. doc. 1] He argued the following Grounds for Relief: (1) That on February 6, 1996 he was arrested at his home in New York by police and FBI agents who possessed an invalid and unsigned indictment. Therefore, his arrest and subsequent extradition to the District of Columbia was invalid; (2) On February 29, 1996 the United States Marshal removed petitioner from Alexandria Jail to the Washington, D.C. holding

center; two D.C. police then took custody of petitioner. According to petitioner, District of Columbia authorities did not have a valid indictment and therefore the charges of conviction were "non-existent." [rec. doc. 1, ¶8]

Petitioner admits that he raised these same charges in a previous §23-110 motion [see rec. doc. 1, ¶6 and 7], but claims "... it was inadequate and ineffective because petitioner is challenge [sic] the executive department and authorities..." [rec. doc. 1, ¶9][1]

### Law and Analysis

Petitioner chose to file his petition pursuant to 28 U.S.C. §2241. *Habeas corpus* petitions filed pursuant to §2241 are generally used to challenge the <u>manner</u> in which a sentence is executed. See <u>Warren v. Miles</u>, 230 F.3d 688, 694 (5th Cir.2000).

---

[1] Petitioner raised these claims in the context of ineffective assistance of counsel. In denying relief, Judge Abrecht made the following observations with respect to petitioner's claim concerning the validity of the indictment, etc.:

> Concerning the indictments, Defendant argues that the indictments were unauthorized because the copies shown to him had not been signed by the forepersons of the grand juries. Even if counsel in New York had been ineffective in failing to notice and challenge the indictment for lack of a signature, Defendant was not prejudiced. Had inquiry been made, a facsimile transmission of the filed original bearing the foreperson's signature could have been produced. Fed. R.Crim. Proc. 40(a). Indeed, when Defendant raised this issue before trial, the signed originals were shown to him (probably on July 22, 1998). The Court has attached to this Memorandum Opinion both indictments, showing the file dates on the first page and the forepersons' signatures on the last page. See Appendix A (listed as GJO and filed in F-153-96) and Appendix B (F-536-96). There can be no question that the bench warrants for Defendant's arrest were based on authorized indictments.

<u>U.S. v. Dockery</u>, 2002 WL 33944042 at *2.

3

On the other hand, a Motion to Vacate filed pursuant to 28 U.S.C. §2255 or its District of Columbia equivalent D.C. Code §23-110 allows BOP inmates to collaterally attack the <u>legality of their convictions or sentences</u>. See <u>Cox v. Warden, Fed. Det. Ctr.</u>, 911 F.2d 1111, 1113 (5th Cir.1990).

DC Code §23-110(g) provides "An application for a writ of *habeas corpus* in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by the Superior Court or by any Federal or State court if it appears that the applicant has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." This provision is virtually identical to 28 U.S.C. §2255(e).

Thus, both 28 U.S.C. § 2255 and its D.C. equivalent, § 23-110 , provide a "savings clause." Both statutes provide that a district court in the place of incarceration may address the merits of a claim about a conviction or sentence under its 28 U.S.C. § 2241 jurisdiction, but only if the petitioner makes a threshold showing that the remedy by collateral attack (§ 2255 or D.C.Code § 23-110) is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255, ¶ 5; D.C.Code § 23-110(g).

4

Petitioner seeks to collaterally attack his District of Columbia convictions. Thus, petitioner's claim is more appropriately raised in a §23-110 Motion. Petitioner may use §2241 to challenge the legality of his conviction <u>but only</u> if he satisfies the §23-110 "savings clause." Compare <u>Reyes-Requena v. United States</u>, 243 F.3d 893, 901 (5th Cir.2001). The "savings clause" provides that a federal convict may file a writ of *habeas corpus* pursuant to §2241 if the §2255 or § 23-110 motion's remedy is "inadequate or ineffective to test the legality of his detention." A prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 or 23-110 motion. <u>Reyes-Requena</u>, 243 F.3d at 904. Such petitioners bear the burden of demonstrating that the §2255 or 23-110 remedy is inadequate or ineffective. <u>Jeffers v. Chandler</u>, 253 F.3d 827, 830 (5th Cir.2001); <u>Pack v. Yusuff</u>, 218 F.3d 448, 452 (5th Cir.2000). The fact that a prior §2255 or 23-110 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make §2255 or 23-110 inadequate or ineffective. <u>Jeffers</u>, 253 F.3d at 830; <u>Toliver v. Dobre</u>, 211 F.3d 876, 878 (5th Cir. 2000).

Petitioner has pointed to no retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense. Nor has he shown that his present claims were foreclosed by circuit law at the time when they should have been raised either at his trial, appeal, or previous Motions to Vacate. He has failed to show that his § 23-110 remedies are ineffective and inadequate under the Savings Clause. Instead, he argues in a conclusory fashion, claims "... it was inadequate and ineffective because petitioner is challenge [sic] the executive department and authorities..." [rec. doc. 1, ¶9]

Therefore, since petitioner has not established that he is entitled to rely on the "savings clause" the instant petition for writ of *habeas corpus* must be dismissed for lack of jurisdiction. Tran v. Conner, 275 F.3d 1081 (5th Cir. 2001).

Accordingly,

**IT IS RECOMMENDED THAT** the Petition for Writ of *Habeas Corpus* be **DENIED** and **DISMISSED WITH PREJUDICE** because the Court lacks jurisdiction to consider these claims. Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglas v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

In Chambers at Alexandria, Louisiana, Dec. 23, 2005.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE